UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JOSHUA M. MOORE,<br><br>                    Plaintiff,<br><br>        vs.<br><br>TRACI SMITH, in her official capacity as Chief<br>Public Defender of Minnehaha County;<br>MINNEHAHA COUNTY, SOUTH DAKOTA,<br><br>                    Defendants. | 4:25-CV-04194-ECS<br><br><br><br>ORDER DENYING MOTION TO RECUSE |

28 U.S.C. § 455(a) requires a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Pursuant to that subsection, Plaintiff Joshua M Moore moves the Court to recuse itself from this matter. Doc. 5. Moore alleges that an impression of partiality arises from (1) campaign contributions this Court made, pre-appointment, to Attorney General Marty Jackley (who is not a defendant in this case); and (2) relationships this Court formed in its previous roles as attorney in Minnehaha County, South Dakota and President of the State Bar of South Dakota. Doc. 5 at 1–2. The motion is denied.

"The goal of section 455(a) is to avoid even the appearance of partiality." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 860 (1988) (quoting Health Servs. Acquisition Corp. v. Liljeberg, 796 F.2d 796, 802 (5th Cir. 1986)). To further that purpose, the Court evaluates itself "on an objective basis, [because under § 455(a)], what matters is not the reality of bias or prejudice but its appearance." Liteky v. United States, 510 U.S. 540, 548 (1994) (emphasis removed). "[I]f a reasonable person who knew the circumstances would question the

judge's impartiality, even though no actual bias or prejudice has been shown," the court must disqualify itself. Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 664 (8th Cir. 2003) (quoting United States v. Tucker, 78 F.3d 1313, 1324 (8th Cir. 1996)). "[A] judge is presumed to be impartial." Id. (quoting Pope v. Fed. Express Corp., 974 F.2d 982, 985 (8th Cir. 1992)). So, "[a] party introducing a motion to recuse carries a heavy burden of proof." Id.

Moore attempts that heavy lift by invoking the relationships this Court formed with members of the legal and political community in its previous roles as attorney and President of the State Bar of South Dakota. Moore argues that "[i]n Liteky, the Court emphasized that a judge's prior extrajudicial activities—such as participation in related cases or close personal relationships[1] with parties—may constitute a basis for disqualification." Doc. 5 at 2.

But Moore's observation only provides the antecedent to a recusal argument. While anything *may* constitute a basis for disqualification, the basis is only proper if it would cause a reasonable observer to doubt the court's impartiality. Southwestern Bell Tel. Co. v. FCC, 153 F.3d 520, 523 (8th Cir. 1998) (Hansen, J., in chambers) (citing In re Nat'l Union Fire Ins. Co., 839 F.2d 1226, 1229 (7th Cir. 1988)). The unremarkable fact that this Court developed personal and professional relationships in its former roles cannot support such reasonable doubt. It is a usual trajectory of judges, prior to their appointment, to establish a legal career and become involved in professional associations and the broader legal community. A reasonable observer would not distrust a judge simply for having practiced law in the past. Nor would a reasonable observer require judicial candidates to have lived "an existence akin to that of a monk." Sexson v. Servaas, 830 F. Supp. 475, 482 (S.D. Ind. 1993). Yes, this Court formed many relationships while serving as President of the South Dakota State Bar. But "[m]erely knowing other persons,

---

[1] Close relationships are more the stuff of § 455(b), which requires disqualification in "instances where actual bias is assumed." Liteky, 510 U.S. at 567 (Kennedy, J., concurring)

including the politically powerful . . . creates neither an impropriety nor an appearance of partiality." Id. It objectively has no bearing on this Court's view of Moore's case.

In Caperton v. A.T. Massey Coal Co., Don Blankenship, a West Virginia businessman, funneled almost $3 million to a successful Supreme Court of Appeals of West Virginia election campaign. 556 U.S. 868, 872–73 (2009). "Blankenship's $3 million in contributions were more than the total amount spent by all other . . . supporters and three times the amount spent by [the candidate's] own committee." Id. at 873 (citation omitted). The beneficiary / newly elected justice then refused to recuse himself from the 3-2 panel that reversed a $50 million verdict against Blankenship's company. Id. at 873–76. In the face of such facts—what the Court termed "extreme facts," the Court held recusal under the Due Process Clause was necessary because "the probability of actual bias on the part of the judge . . . [was] too high to be constitutionally tolerable." Id. at 872, 887–90 (citation omitted).

On Moore's account, such "extreme facts" are at play here too, not only because of this Court's relationships, but because before being appointed, this Court made campaign donations to Attorney General Marty Jackley. Doc. 5 at 2. But unlike in Caperton, these contributions were significantly more modest. The Court believes the contributions totaled approximately $1,900 over a period of several years. These amounts are so modest that "[a] reasonable person would understand that [the contributions] connote[d] nothing more than the view that the donor (me) thought the candidate [Attorney General Jackley] would be better than his opponent for the contested position." Ark. State Conf. NAACP v. Ark Bd. of Apportionment, 578 F. Supp. 3d 1011, 1017–18 (E.D. Ark. 2022). In other words, the donations were far from extreme. McCutcheon v. FEC, 572 U.S. 185, 191 (2014) (plurality opinion) ("There is no right more *basic*

in our democracy than the right to participate in electing our political leaders." (emphasis added)). Moreover, Attorney General Jackley is not a named party in this case.

Viewed through a lens of reasonableness, no alchemy can transform these routine facts of the Court's past into indicia of partiality against any particular party. Absent bias or the appearance thereof, it is this Court's duty to oversee the matters assigned to it. Southwestern Bell Tel. Co., 153 F.3d at 523 (collecting cases).

For the above reasons, and the record as it now exists before the Court, it is hereby

ORDERED that Plaintiff's Motion to Recuse Judges Karen E. Schreier and Eric Schulte and Request for Appointment of an Outside Judge, Doc. 5, is denied.

DATED this 1st day of December, 2025.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE